UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY SANDON COOPER, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | No. 3:14-CV-2795-N (BF) | |
| § | | |
| BANK OF NEW YORK MELLON, et al., § | | |
|     Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. *See* Order of Reference [D.E. 15]. Before the Court are motions to dismiss [D.E. 8, 13, 14] filed by Defendants Bank of New York Mellon, Ocwen Loan Servicing, L.L.C., John M. Lynch, J. Garth Fennegan, Kristina A. Kiik, Michael R. Steinmark, Settle & Pou, P.C. d/b/a SettlePou, David Garvin, Jack Beckman, Kelly Goddard, Gene Alyea, Don Gwin, David O'Dens, Robert Pou, Cliff A. Wade, Michael P. Menton, and Jared T.S. Pace (collectively, "Defendants"). For the following reasons, the undersigned recommends that the Court DENY Defendants' motions to dismiss [D.E. 8, 13, 14] and direct Plaintiff to re-plead his complaint.

**BACKGROUND**

This case involves the foreclosure of real property located at 1520 Janwood Drive, Plano, Texas 75075 (the "Property"). *See* Original Pet. [D.E. 1-5 at 6]. On August 4, 2014, Plaintiff filed his Original Petition in the 44th Judicial District Court, Dallas County, Texas seeking a temporary restraining order, temporary injunction, declaratory judgment, and quiet title, and alleging wrongful foreclosure and gross negligence. *See id.* [D.E. 1-5 at 6]. Plaintiff argues that "Defendants have advertised the foreclosure sale on August 5, 2014 of Plaintiff's homestead more than 8 years after

accelerating the underlying mortgage, without ever pursuing a judicial foreclosure." *See id.* [D.E. 1-5 at 4]. Defendants removed this action to this Court on August 4, 2014. *See* Notice of Removal [D.E. 1]. The Property was sold at a foreclosure sale on August 5, 2014. *See* Trustee's Deed [D.E. 8-1]. Therefore, Plaintiff's request for injunctive relief was denied as moot. *See* Order [D.E. 9 at 2-3]. Defendants have subsequently filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See* Mots. to Dismiss [D.E. 8, 13, 14]. In the motions to dismiss, Defendants contend that Plaintiff has been filing numerous state court petitions and bankruptcy proceedings since 2007 in order to delay the eventual foreclosure sale of his Property. *See id.* [D.E. 8 at 3-4; D.E. 13 at 10-12; D.E. 14 at 11-13].

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must be able to draw the reasonable inference from the pleading that Defendants are liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Defendants may seek dismissal under Rule 12(b)(6) if the pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678. However, the Court should allow Plaintiff at least one opportunity to cure pleading deficiencies before dismissing the case, unless the defects are clearly incurable or Plaintiff advises the Court that he is unwilling or unable to amend the pleading in a manner that will avoid dismissal. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th

Cir. 2002). Here, Plaintiff seeks to amend his complaint. *See* Resp. [D.E. 16 at 2]. While the undersigned sees merit in the arguments raised in Defendants' motions to dismiss, out of an abundance of caution, the Plaintiff should be given an opportunity to cure the pleading deficiencies prior to the dismissal of his case. Therefore, the undersigned recommends that the Court deny Defendants' motions to dismiss and direct Plaintiff to file an amended complaint.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court DENY Defendants' motion to dismiss [D.E. 8, 13, 14] and order Plaintiff to file an amended complaint.

**SO RECOMMENDED**, this 2nd day of February, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).