UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY SANDON COOPER, § | |
| Plaintiff, § | |
| v. § | No. 3:14-CV-2795-N (BF) |
| OCWEN LOAN SERVICING, LLC, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. *See* Order [D.E. 15]. Before the Court are Bank of New York Mellon and Ocwen Loan Servicing, LLC's (collectively, "Lender Defendants") Motion to Dismiss First Amended Complaint [D.E. 43]; John M. Lynch, J. Garth Fennegan, Kristina A. Kiik, Michael R. Steinmark, and Settle & Pou, P.C.'s (collectively, "SettlePou Defendants") Motion to Dismiss First Amended Complaint [D.E. 44]; and David Garvin, Jack Beckman, Kelly Goddard, Gene Alyea, Don Gwin, David O'Dens, Robert Pou, Cliff A. Wade, Michael P. Menton, and Jared T.S. Pace's (collectively, "Substitute Trustee Defendants") Motion to Dismiss First Amended Complaint [D.E. 45]. For the following reasons, the undersigned recommends that the District Court GRANT the motions to dismiss [D.E. 43, 44, 45].

**BACKGROUND**

This case involves the foreclosure of real property located at 1520 Janwood Drive, Plano, Texas (the "Property"). *See* Original Pet. [D.E. 1-5 at 6]. The Property was sold at a foreclosure sale on August 5, 2014 for $214,000.00. *See* Mot. to Dismiss [D.E. 43 at 7]. On August 4, 2014, Jay Sandon Cooper ("Plaintiff") filed his Original Petition in the 44th Judicial District Court, Dallas County, Texas against the Lender Defendants, the SettlePou Defendants, and the Substitute Trustee Defendants (collectively, "Defendants") alleging wrongful foreclosure and gross negligence, and

seeking a temporary restraining order ("TRO"), a temporary injunction, and a declaratory judgment for quiet title. *See* Original Pet. [D.E. 1-5 at 3-6]. The Lender Defendants removed the case to federal court and filed their Notice of Related Case stating that *Cooper v. Bank of New York Mellon*, No. 3:13-CV-1985-N, which involved the same plaintiff and arose from a common nucleus of operative fact as the present case was pending before Judge Godbey and asked that the instant case, which was originally assigned to Judge Boyle, be transferred to Judge Godbey. *See* Notice of Removal [D.E. 1]; Notice of Related Case [D.E. 4].

On August 6, 2014, Judge Boyle issued an order denying Plaintiff's requests for a TRO and a temporary injunction and transferred this case to Judge Godbey. *See* Order [D.E. 9]. In that Order, Judge Boyle noted that the similar case brought to the attention of the Court by Defendants, *Cooper v. Bank of New York Mellon*, No. 3:13-CV-1985-N, was dismissed with prejudice and was on appeal. *See id.* [D.E. 9 at 2]. Judge Boyle explained that, having reviewed Plaintiff's application for a TRO and a temporary injunction, and in light of Defendants' arguments, she determined that Plaintiff failed to show a likelihood of success on the merits. *See id.* [D.E. 9 at 2]. Judge Boyle further noted that, as pointed out by Defendants, the requests for injunctive relief were moot at the time she issued her order, because the Property was already sold at a foreclosure sale on August 5, 2014. *See id.* [D.E. 9 at 2].

On August 25, 2014, the District Court referred this case to the undersigned for pretrial management. *See* Order [D.E. 15]. On February 2, 2015, the undersigned recommended that the District Court deny the pending motions to dismiss Plaintiff's Original Petition and give Plaintiff an opportunity to file an amended complaint as he requested in his response to the motions to dismiss. *See* Findings, Conclusions & Recommendation [D.E. 33 at 3]. On that date, the undersigned

2

also directed the parties to file supplemental briefs discussing the applicability of *res judicata* to this case, in light of Defendants' representation to the Court that Plaintiff has filed multiple lawsuits in connection with the foreclosure of the Property, and Plaintiff's statements in his Original Petition that this case is related to a case previously filed in the 95th Judicial District Court in Dallas County, Texas, and that "[t]he previous case was between the same parties, or others in privity with them, regarding an attempted non-judicial foreclosure of the same real property under a contractual power of sale." *See* Order [D.E. 32 at 1]; Original Pet. [D.E. 1-5 at 3]; Mots. to Dismiss [D.E. 8 at 3-5; D.E. 13 at 10-12; D.E. 14 at 11-13]. On February 12, 2015, Defendants filed their supplemental brief arguing that this case should be dismissed on *res judicata* grounds. *See* Defs.' Br. [D.E. 34]. On February 17, 2015, Plaintiff filed his response arguing that *res judicata* is not applicable to this case. *See* Pl.'s Resp. [D.E. 37]. On March 2, 2015, the District Court accepted the undersigned's recommendation to deny Defendants' motions to dismiss and allow Plaintiff to file an amended complaint. *See* Order [D.E. 39]. On March 16, 2015, Plaintiff filed his Amended Complaint [D.E. 40]. On March 30, 2015, Defendants filed their motions to dismiss [D.E. 43, 44, 45] the Amended Complaint. On April 20, 2015, Plaintiff filed his response [D.E. 46] to the motions to dismiss. On May 4, 2015, Defendants filed their replies [D.E. 48, 49, 50].

## STANDARD OF REVIEW

### Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the

3

complaint, even if they are doubtful in fact. *See id.* A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Further, in resolving a Rule 12(b)(6) controversy, a court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Collins*, 224 F.3d at 498; *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010)). In addition, while courts liberally construe *pro se* pleadings, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

### *Res Judicata*

"Under the law of this circuit, claim preclusion, or pure *res judicata*, is the venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (internal quotations and citation omitted). "*Res judicata* applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Id.* (internal quotations and citation omitted). *Res judicata* "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior

action." *Palmer v. Fed. Home Loan Mortg. Corp.*, No. 4:13-CV-430-A, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)). A court "may *sua sponte* dismiss an action on *res judicata* grounds when the elements of the defense are apparent on the face of the pleadings." *Kelton v. Deutsche Bank Nat'l Trust Co.*, No. 4:14-CV-991-A, 2014 WL 7175242, at *1 (N.D. Tex. Dec. 16, 2014) (citing *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). "In making such a ruling, the court may take judicial notice of the record in a prior related proceeding." *Id.* (citing *Ariz. v. Cal.*, 530 U.S. 392, 412 (2000)).

A plaintiff cannot avoid the application of *res judicata* through the addition of defendants in subsequent lawsuits, if the subsequent defendants are in privity with defendants in the prior lawsuit. *See Davis v. Dallas Area Rapid Transit*, No. 3:01-CV-2595-M, 2002 WL 172646, at *2 n.10 (N.D. Tex. Feb. 1, 2002) ("Plaintiffs' attempt to name an additional defendant, a supervisor at DART, to avoid the applicability of the doctrine of *res judicata* is unsuccessful because Rodriguez is in privity with DART.") (citing *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1289 (5th Cir. 1989)); *Bond v. Barrett, Daffin, Frappier, Turner & Engel, L.L.P.*, C.A. No. G-12-188, 2013 WL 1619691, at *13 (S.D. Tex. Mar. 22, 2013) ("Plaintiff's claims are barred by *res judicata*. First, in the prior action, Plaintiff named as Defendants JPMorgan, as the successor of Defendant EMC, as well as Defendant Barrett. . . . These parties are identical or in privity with the Defendants named in this action. Defendant Barrett was named in both actions. Defendants Odom and Bailey are employees of JPMorgan, and to the extent Plaintiff sues them in their capacities as agents, this relationship establishes privity for the purposes of *res judicata*. To the extent Plaintiff sues them in their capacities as agents of Defendant EMC, privity is established because JPMorgan is a mere

continuation of Defendant EMC as its successor.") (internal quotations and citations omitted).

"A federal court asked to give *res judicata* effect to a state court judgment must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 686 (S.D. Tex. 2014) (citing *E.D. Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982); *Norris v. Hearst Trust*, 500 F.3d 454, 460-61 (5th Cir. 2007); *Rollins v. Dwyer*, 666 F.2d 141, 144 (5th Cir. 1982)) (internal quotations omitted). "In Texas, *res judicata* precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Id.* (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)) (internal quotations and alterations omitted). "The party claiming the defense must prove (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Id.* (citing *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *Amstadt*, 919 S.W.2d at 652) (internal quotations omitted).

## ANALYSIS

In their motions to dismiss, Defendants argue that the claims in Plaintiff's Amended Complaint fail and also incorporate their arguments made in their supplemental brief regarding the applicability of *res judicata* to this case. *See* Br. [D.E. 34]; Mots. to Dismiss [D.E. 43 at 18; D.E. 44 at 23; D.E. 45 at 22].

Defendants argue that Plaintiff's claims are barred by *res judicata*, because Plaintiff has filed at least two previous lawsuits challenging the foreclosure of the Property and those cases have been

6

dismissed with prejudice. *See* Defs.' Br. [D.E. 34 at 10-12]. Plaintiff filed a first lawsuit in connection with the Property in the 95th Judicial District Court, Dallas County, Texas on June 1, 2009 ("First Lawsuit"). *See* Pl.'s Original Pet. [D.E. 35 at 3]. Plaintiff's Amended Complaint involves the same claims that were already brought or claims that could have been brought in the First Lawsuit. *See* Pl.'s 4th Am. Pet. [D.E. 35 at 56-91]; Am. Compl. [D.E 40 at 1-11]. On January 21, 2013, the final judgment in favor of Defendants was entered in the First Lawsuit. *See* Final J. [D.E. 35 at 93]. On May 6, 2013, Plaintiff filed another lawsuit in the 14th Judicial District Court in Dallas County, Texas again seeking to prevent the foreclosure of the Property ("Second Lawsuit"). *See* Original Pet. [D.E. 36 at 3-21]. On May 28, 2013, the Lender Defendants removed that case to federal court. *See* Notice of Removal [D.E. 1; No. 3:13-CV-1985-N]. Again, Plaintiff's Amended Complaint involves the same claims that were already brought or claims that could have been brought in the Second Lawsuit. *See* Original Pet. [D.E. 36 at 3-21]; Am. Compl. [D.E 40 at 1-11]. On January 8, 2014, Judge Toliver entered her Findings, Conclusions and Recommendation recommending that the District Court dismiss the Second Lawsuit with prejudice. *See* Findings, Conclusions & Recommendation [D.E. 10; No. 3:13-CV-1985-N]. On January 31, 2014, the District Court entered its Order accepting Judge Toliver's recommendation and entered the Judgment dismissing the Second Lawsuit with prejudice. *See* Order [D.E. 14; No. 3:13-CV-1985-N]; J. [D.E. 15; No. 3:13-CV-1985-N]. Plaintiff subsequently appealed the final judgment entered in the Second Lawsuit, and on August 25, 2014, the Fifth Circuit dismissed Plaintiff's appeal for want of prosecution. *See* J. [D.E. 30; No. 3:13-CV-1985-N].

As argued by Defendants, this case should be dismissed on *res judicata* grounds. The parties in the prior lawsuits and the present lawsuit are identical or in privity. Plaintiff's addition of the

7

SettlePou Defendants and the Substitute Trustee Defendants does not preclude the application of *res judicata*, given that they are in privity with the Lender Defendants. *See Davis*, 2002 WL 172646, at *2; *Bond*, 2013 WL 1619691, at *13. In addition, the judgments in the prior lawsuits were rendered by courts of competent jurisdiction, and the claims in the present lawsuit arise from the same subject matter, the Property, which have been or could have been litigated in the prior actions. *See* Pl.'s 4th Am. Pet. [D.E. 35 at 56-91]; Original Pet. [D.E. 36 at 3-21]; Am. Compl. [D.E 40 at 1-11]. Furthermore, the prior lawsuits concluded with final judgments on the merits. *See* Final J. [D.E. 35 at 93]; J. [D.E. 15; No. 3:13-CV-1985-N]. Therefore, *res judicata* precludes Plaintiff from relitigating in this case the same claims that have already been litigated or claims that could have been litigated in the prior lawsuits.[1]

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendants' motions to dismiss [D.E. 43, 44, 45] and dismiss this case with prejudice.

**SO RECOMMENDED**, this 25th day of November, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. Because Plaintiff's Amended Complaint should be dismissed on *res judicata* grounds, the undersigned pretermits consideration of Defendants' remaining arguments for dismissal.

8

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).