# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JAY SANDON COOPER,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **No. 3:14-CV-2795-N (BF)** |
| **OCWEN LOAN SERVICING, LLC, et al.,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. *See* Order [ECF No. 15]. Before the Court is Jay Sandon Cooper's ("Plaintiff") Motion to Alter or Amend Judgment [and] Request for Findings [ECF No. 70] ("Motion to Alter and Request for Findings") filed on January 27, 2016. Bank of New York Mellon, Ocwen Loan Servicing, LLC, John M. Lynch, J. Garth Fennegan, Kristina A. Kiik, Michael R. Steinmark, Settle & Pou, P.C., David Garvin, Jack Beckman, Kelly Goddard, Gene Alyea, Don Gwin, David O'Dens, Robert Pou, Cliff A. Wade, Michael P. Menton, and Jared T.S. Pace (collectively, "Defendants") filed their Response in Opposition [ECF No. 71] on February 10, 2016. Plaintiff filed his Reply [ECF No. 74] on June 3, 2016 after receiving permission from the Court. For the following reasons, the undersigned respectfully recommends that the District Court **DENY** Plaintiff's Motion to Alter and Request for Findings [ECF No. 70].

## BACKGROUND

This case involves the foreclosure of real property located at 1520 Janwood Drive, Plano, Texas (the "Property"). *See* Original Pet. [ECF No.1-5 at 6]. The Property was sold at a foreclosure sale on August 5, 2014 for $214,000.00. *See* Mot. to Dismiss [ECF No.43 at 7]. On August 4, 2014, Plaintiff filed his Original Petition in the 44th Judicial District Court, Dallas County, Texas against

Defendants alleging wrongful foreclosure and gross negligence, and seeking a temporary restraining order ("TRO"), a temporary injunction, and a declaratory judgment for quiet title. *See* Original Pet. [ECF No.1-5 at 3-6]. After removal to federal court, a Notice of Related Case was filed which stated that *Cooper v. Bank of New York Mellon*, No. 3:13-CV-1985-N, a case that involved the same plaintiff and arose from a common nucleus of operative facts as the present case was pending before Judge Godbey, and the Court was asked to transfer the instant case, which was originally assigned to Judge Boyle, to Judge Godbey. *See* Notice of Removal [ECF No. 1]; Notice of Related Case [ECF No. 4].

On August 6, 2014, Judge Boyle issued an order denying Plaintiff's requests for a TRO and a temporary injunction and transferred this case to Judge Godbey. *See* Order [ECF No. 9]. In that Order, Judge Boyle noted that the similar case brought to the attention of the Court by Defendants, *Cooper v. Bank of New York Mellon*, No. 3:13-CV-1985-N, was dismissed with prejudice and was on appeal. *See id.* [ECF No. 9 at 2]. Judge Boyle explained that, having reviewed Plaintiff's application for a TRO and a temporary injunction, and in light of Defendants' arguments, she determined that Plaintiff failed to show a likelihood of success on the merits. *See id.* [ECF No. 9 at 2]. Judge Boyle further noted that the requests for injunctive relief were moot at the time she issued her order, because the Property was already sold at a foreclosure sale on August 5, 2014. *See id.* [ECF No. 9 at 2].

On August 25, 2014, the District Court referred this case to the undersigned for pretrial management. *See* Order [ECF No. 15]. On February 2, 2015, the undersigned recommended that the District Court deny the then pending motions to dismiss Plaintiff's Original Petition and give Plaintiff an opportunity to file an amended complaint. *See* Findings, Conclusions &

2

Recommendation [ECF No. 33 at 3]. On that date, the undersigned also directed the parties to file supplemental briefs which discuss the applicability of *res judicata* to this case, in light of Defendants' representation to the Court that Plaintiff has filed multiple lawsuits in connection with the foreclosure of the Property, and Plaintiff's statements in his Original Petition that this case is related to a case previously filed in the 95th Judicial District Court in Dallas County, Texas, and that "[t]he previous case was between the same parties, or others in privity with them, regarding an attempted non-judicial foreclosure of the same real property under a contractual power of sale." *See* Order [ECF No. 32 at 1]; Original Pet. [ECF No. 1-5 at 3]; Mots. to Dismiss [ECF No. 8 at 3-5; ECF No. 13 at 10-12; ECF No. 14 at 11-13].

On February 12, 2015, Defendants filed their supplemental brief arguing that this case should be dismissed on *res judicata* grounds. *See* Defs.' Br. [ECF No. 34]. On March 2, 2015, the District Court accepted the undersigned's recommendation to deny Defendants' motions to dismiss and allow Plaintiff to file an amended complaint. *See* Order [ECF No. 39]. On March 16, 2015, Plaintiff filed his Amended Complaint [ECF No. 40]. On March 30, 2015, Defendants filed their motions to dismiss [ECF Nos. 43, 44, 45] the Amended Complaint. On November 25, 2015, the undersigned entered the Findings, Conclusions, and Recommendation on Defendants' Motions to Dismiss [ECF Nos. 43, 44, 45] which recommended that the District Court grant those motions. *See* Findings, Conclusions, and Recommendation [ECF No. 66]. On December 30, 2015, the District Court adopted the undersigned's Findings, Conclusions, and Recommendation, and entered the Judgment dismissing this case with prejudice. *See* Order [ECF No. 68]; J. [ECF No. 69].

3

## ANALYSIS

### Rule 52

Plaintiff seeks to have the Court amend its findings or to make additional findings pursuant to Federal Rule of Civil Procedure ("Rule") 52. *See* Mot. to Alter [ECF No. 70]. Rule 52(b) states as follows: "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly." FED. R. CIV. P. 52(b). "Rule 52(b)'s purpose is, generally, to correct manifest errors of law or fact." *Cooper v. Dall. Police Ass'n*, No. 3:05-CV-1778-N (BN), 2013 WL 5786437, at *3 (N.D. Tex. Oct. 28, 2013) (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)). "A motion to amend should not be employed to introduce evidence that was available . . . but was not proffered, to re-litigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id.* In order "[t]o prevail on a Rule 52(b) motion to amend, the moving party must show that the Court's findings of fact or conclusions of law are not supported by evidence in the record." *Id.*

Defendants argue in their response that the District Court's Order [ECF No. 68] and Judgment [ECF No. 69] both ruled on Defendants' motions to dismiss [ECF Nos. 43, 44, 45], and therefore, no findings or conclusions are required under Rule 52(a)(3). *See* Resp. [ECF No. 71 at 2]. Rule 52(a)(3) states: "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." FED. R. CIV. P. 52(a)(3). Because the District Court is not required to state findings or conclusions in connection with Defendants' motions to dismiss [ECF Nos. 43, 44, 45], and because Plaintiff has not shown a valid basis for the Court to amend its findings or to make additional findings, the undersigned recommends that the District Court deny this request.

**Rule 59**

Plaintiff also asks the Court to alter or amend the Judgment pursuant to Rule 59(e). *See* Mot. to Alter [ECF No. 70 at 1]. In order "[t]o prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact." *Tex. Brand Bank v. Luna & Luna, LLP*, No. 3:14-CV-1134-P, 2016 WL 3660579, at *1 (N.D. Tex. Jan. 29, 2016) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, 'primarily to correct manifest errors of law or fact or to present newly discovered evidence.'" *Reyes v. Julia Place Condos. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 3902606, at *3 (E.D. La. Jul. 19, 2016) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller*, 342 F.3d at 567). "Manifest error is defined as '[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, [and] indisputable evidence and self-evidence.'" *Id.* (quoting *In Re Energy Partners, Ltd.*, No. 09-32957-H4-11, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009)).

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Nor should it be used to 're-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction.'" *Reyes*, 2016 WL 3902606, at *3 (quoting *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010)). "Although courts have 'considerable discretion' to grant or

5

to deny a Rule 59(e) motion, they use the 'extraordinary remedy' under Rule 59(e) 'sparingly.'" *Luna & Luna, LLP*, 2016 WL 3660579, at *1 (citing *Templet*, 367 F.3d at 479, 483). "When considering a motion to alter or amend judgment, '[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts.'" *Id.* (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

Defendants argue that there is no basis to amend here, because there is no manifest error of law, newly discovered evidence, or new arguments that Plaintiff could not have made prior to the entry of the Order [ECF No. 68] and Judgment [ECF No. 69]. *See* Resp. [ECF No. 71 at 2]. Defendants argue that Plaintiff's Motion to Alter and Request for Findings solely raises arguments that were or could have been made before the District Court entered its Order [ECF No. 68] and Judgment [ECF No. 69]. *See id.* [ECF No. 71 at 3]. Defendants further argue that Plaintiff merely rehashes arguments he already made in responding to their motions to dismiss. *See id.* [ECF No. 71 at 2-3]. As Defendants argue, because Plaintiff has not raised a valid ground to alter the Judgment in this case, the undersigned recommends that the District Court also deny Plaintiff's request to alter or amend the Judgment.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **DENY** Plaintiff's Motion to Alter and Request for Findings [ECF No. 70].

**SO RECOMMENDED**, this 29th day of July, 2016.

6

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

7