SEP 3 0 2016

CLERK, U.S. DISTRI...
By _____ Deputy

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

JAY SANDON COOPER,            )
     Plaintiff,                )
                               )
v.                            )       No. 3:14-CV-2795-N (BF)
OCWEN LOAN SERVICING, LLC,    )
et al.,                       )
     Defendants.               )

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management.

Order, ECF No. 15. Before the Court is Jay Sandon Cooper's ("Plaintiff") Motion to Proceed In

Forma Pauperis [ECF No. 80]. For the reasons stated below, the undersigned respectfully

recommends that the District Court DENY Plaintiff's motion [ECF No. 80].

### BACKGROUND

This case involves the foreclosure of real property located at 1520 Janwood Drive, Plano,

Texas (the "Property"). Original Pet. 5, ECF No.1-5. The Property was sold at a foreclosure sale on

August 5, 2014 for $214,000.00. *See* Mot. to Dismiss 7, ECF No.43. On August 4, 2014, Plaintiff

filed his Original Petition in the 44th Judicial District Court, Dallas County, Texas against

Defendants alleging wrongful foreclosure and gross negligence, and seeking a temporary restraining

order ("TRO"), a temporary injunction, and a declaratory judgment for quiet title. Original Pet. 2-5,

ECF No.1-5. After removal to federal court, a Notice of Related Case was filed which stated that

*Cooper v. Bank of New York Mellon*, No. 3:13-CV-1985-N, a case that involved the same plaintiff

and arose from a common nucleus of operative facts as the present case was pending before Judge

Godbey, and the Court was asked to transfer the instant case, which was originally assigned to Judge

Boyle, to Judge Godbey. Notice of Removal, ECF No. 1; Notice of Related Case, ECF No. 4.

On August 6, 2014, Judge Boyle issued an order denying Plaintiff's requests for a TRO and a temporary injunction and transferred this case to Judge Godbey. Order, ECF No. 9. In that Order, Judge Boyle noted that the similar case brought to the attention of the Court by Defendants, *Cooper v. Bank of New York Mellon*, No. 3:13-CV-1985-N, was dismissed with prejudice and was on appeal. *Id.* at 2, ECF No. 9. Judge Boyle explained that, having reviewed Plaintiff's application for a TRO and a temporary injunction, and in light of Defendants' arguments, she determined that Plaintiff failed to show a likelihood of success on the merits. *Id.*, ECF No. 9. Judge Boyle further noted that the requests for injunctive relief were moot at the time she issued her order, because the Property was already sold at a foreclosure sale on August 5, 2014. *Id.*, ECF No. 9.

On August 25, 2014, the District Court referred this case to the undersigned for pretrial management. Order, ECF No. 15. On February 2, 2015, the undersigned recommended that the District Court deny the then pending motions to dismiss Plaintiff's Original Petition and give Plaintiff an opportunity to file an amended complaint. Findings, Conclusions, & Recommendation 3, ECF No. 33. On that date, the undersigned also directed the parties to file supplemental briefs which discuss the applicability of *res judicata* to this case, in light of Defendants' representation to the Court that Plaintiff has filed multiple lawsuits in connection with the foreclosure of the Property, and Plaintiff's statements in his Original Petition that this case is related to a case previously filed in the 95th Judicial District Court in Dallas County, Texas, and that "[t]he previous case was between the same parties, or others in privity with them, regarding an attempted non-judicial foreclosure of the same real property under a contractual power of sale." Order, ECF No. 32; Original Pet. 2, ECF No. 1-5; Mot. to Dismiss 3-5, ECF No. 8; Mot. to Dismiss 10-12, ECF No. 13; Mot. to Dismiss 11-13, ECF No. 14.

2

On February 12, 2015, Defendants filed their supplemental brief arguing that this case should be dismissed on *res judicata* grounds. Defs.' Br., ECF No. 34. On March 2, 2015, the District Court accepted the undersigned's recommendation to deny Defendants' motions to dismiss and allow Plaintiff to file an amended complaint. *See* Order, ECF No. 39. On March 16, 2015, Plaintiff filed his Amended Complaint, ECF No. 40. On March 30, 2015, Defendants filed their motions to dismiss [ECF Nos. 43, 44, 45] the Amended Complaint. On November 25, 2015, the undersigned entered the Findings, Conclusions, and Recommendation [ECF No. 66] on Defendants' Motions to Dismiss [ECF Nos. 43, 44, 45] which recommended that the District Court grant those motions. On December 30, 2015, the District Court adopted the undersigned's Findings, Conclusions, and Recommendation, and entered the Judgment dismissing this case with prejudice. Order, ECF No. 68; J., ECF No. 69. On January 27, 2016, Plaintiff filed his Motion to Alter or Amend Judgment [and] Request for Findings [ECF No. 70]. Because Plaintiff did not raised a valid ground to alter the Judgment in this case, the undersigned recommended that the District Court also deny that motion. Findings, Conclusions, & Recommendation, ECF No. 75. The District Court adopted those findings on August 22, 2016. Order, ECF No. 78.

## ANALYSIS

In the Motion to Proceed In Forma Pauperis, Plaintiff seeks "leave to proceed on appeal without payment of fees, costs, or security." Mot. 1, ECF No. 80. "As to determination of a motion for leave to proceed IFP on appeal, 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern." *Johnson v. Citimortgage, Inc.*, No. 3:15-CV-2707-B (BN), 2016 WL 4444336, at *1 (N.D. Tex. June 28, 2016) (citing *Taylor v. Dretke*, No. 4:02-CV-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003)). "Section 1915(a)(3) provides that '[a]n appeal may not be taken in

3

forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* Furthermore,

Rule 24(a) states as follows:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. APP. P. 24(a). "An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks

appellate review of any issue that is not frivolous." *Johnson*, 2016 WL 4444336, at \*2 (citing

*Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "Therefore, in addition to demonstrating that

h[is] financial condition qualifies h[im] to proceed under the IFP statute, '[a] movant who seeks

authorization to proceed IFP on appeal [also] must demonstrate that . . . [his] appeal involves

nonfrivolous issues.'" *Id.* (quoting *Amir-Sharif v. Dallas Cnty.*, 269 F. App'x 525, 526 (5th Cir.

2008); citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). "An appellant's good faith

subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there

is any non-frivolous issue to be litigated on appeal." *Id.* (internal quotation marks, citations, and

alteration omitted).

Although Plaintiff seeks here to proceed on appeal without paying the associated fees and

costs, the financial information Plaintiff provided to the Court fails to support a conclusion that he

qualifies as a pauper. *See* Decl. 1, ECF No. 80 at 7 (reflecting that Plaintiff receives $2,665.00 in

monthly income). In addition, Plaintiff has not shown that his appeal raises non-frivolous issues.

4

Therefore, even if Plaintiff were to qualify as a pauper, because he has failed to provide a proper

basis for his appeal of the District Court's Order, the District Court should find and certify that his

appeal is not taken in good faith.

## RECOMMENDATION

The undersigned respectfully recommends that the District Court deny Plaintiff's Motion to

Proceed In Forma Pauperis [ECF No. 80] and certify, pursuant to 28 U.S.C. § 1915(a)(3), that

Plaintiff's appeal is not taken in good faith.

**SO RECOMMENDED**, this 30 day of Sept, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).